UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: UNASSIGNED

―――――――――――――――――――――――X
                                            :
                                            :
JARAMILLO SPICES CORPORATION,               :
                                            :
                    Plaintiff               :   Court No. **1:20-CV-00148**
                                            :
V.                                          :
                                            :
                                            :   COMPLAINT
                                            :
UNITED STATES                               :
                                            :
                    Defendant
―――――――――――――――――――――――X

## PETITION FOR JUDICIAL REVIEW OF AGENCY DECISION

Plaintiff, Jaramillo Spices Corp, by and through its attorneys alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in McAllen, Texas.

2. Defendant, United States, through the United States Customs and Border Protection ("Customs") is responsible for enforcing its own laws, including Enforcing customs, immigration, and agricultural laws and regulations at U.S. ports of entry and preclearance locations worldwide. Preventing the illegal trafficking of people, narcotics, and contraband into the United States.

### STANDING AND JURISDICTION

3. Plaintiff is an importer of commodities from Mexico into the United States, including but not limited to garlic, dry hot chili peppers, tamarind, etc. Plaintiff filed a protest pursuant

to 19 U.S.C. §1514(a) that challenged Customs' decision to notices of redelivery for the entry by the Summons. On April 9, 2019, Plaintiff's was denied. Plaintiff filed a Motion for Reconsideration. This motion for reconsideration was denied on February 12, 2020. Pursuant to 28 U.S.C. §2636(a)(1), Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2631(a), and the Court has jurisdiction under U.S.C. 1581(a), as amended.

## STATEMENT OF FACTS

4. On May 5, 2018, Plaintiff attempted to import tamarind into the United States through the port of entry of Hidalgo, Texas.
5. On May 9, 2018 Jaramillo Spices Corporation received notice from the Defendant by and through the United States Food and Drug Administration. (see attached notice labeled as Exhibit A)
6. A sample of the tamarind was taken by Krause Analytical, an approved laboratory by both the Plaintiff and the Defendant. (see attached approved laboratory results labeled as Exhibit B)
7. On or about May 22, 2018 the sample came back negative, meaning it came back free from contaminates. (see Exhibit C results of analysis)
8. The results of this sample were faxed to the Defendant on May 22, 2018. The transmission of these results was successful as evidenced by Exhibit C, notice of confirmation.
9. The Defendant send notice of redelivery to the Plaintiff with no legal basis since the tamarind was free of contamination. (see Exhibit D being

10. On February 25, 2020 after exhausting it administrative remedies with the U.S. Customs and Border Protection the Plaintiff Jaramillo Spices Corporation remained liable for the assessed penalty of $50,000.00. (see letter from U.S. Customs as Exhibit D)

11. Plaintiff was assessed a fine of $50,000.00, three times the value of the tamarind.

12. As a result of Defendant's refusal to accept responsibility and to acknowledge the error after receiving the transmission from the laboratory as indicated. The Defendant proceeded to levy penalty of $50.000.00. In addition, the Plaintiff has suffered damages in the extent of 42,000.00 for two-year rental where the tamarind is in cold storage and has the breached its contract with the producer of the tamarind. The losses by the Plaintiff include his inability to complete its contractual duties regarding the tamarind delivery including attorneys' fees incurred to date.

## CLAIM

13. Paragraphs 1 through 12 are repeated with the same force and effect as fully stated herein.

14. Customs made an improper delivery notice because the notice of redelivery was premised erroneously on a sample of tamarind that was in fact not contaminated as evidenced by the laboratory's sample report.

## REQUEST FOR JUDGMENT AND RELIEF

Plaintiff requests the Court enter judgment in favor of the Plaintiff, holding that:

(1) The Plaintiff Jaramillo Spices Corporation has exhausted all administrative remedies.

(2) The Plaintiff's claims are ripe for judicial review.

(3) That the Court has jurisdiction over the dispute.

(4) The United States Customs redelivery notice represents an unlawful exercise of agency discretion.

(5) Customs did not have a legal basis to order redelivery of Plaintiff's tamarind for an alleged custom's violation since the tamarind was free of contaminants.

(6) Plaintiff is granted an award of its costs, attorneys' fees, and other relief that the Court deems equitable and just.

                                                                RESPECTFULLY,

                                                                //s// Fabian Guerrero\
                                                                Fabian Guerrero\
                                                                State of Texas Bar Number: 00795397\
                                                                ***LAW OFFICE OF FABIAN GUERRERO***\
                                                                3900 West Expressway 83\
                                                                McAllen, Texas 78501\
                                                                Telephone: (956) 627-4878\
                                                                Facsimile: (956) 627-4890\
                                                                fabianlaw@sbcglobal.net\
                                                                fabianlaw96@gmail.com\
                                                                ATTORNEY FOR\
                                                                PLAINTIFF