Slip Op. 21-89

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JARAMILLO SPICES CORP.,** | |
| Plaintiff, | **Before: Timothy C. Stanceu, Judge** |
| v. | **Court No. 20-00148** |
| **UNITED STATES,** | |
| Defendant. | |

## OPINION

[Dismissing action for lack of subject matter jurisdiction.]

Dated:  July 19, 2021

*Fabian Guerrero*, Law Office of Fabian Guerrero, of McAllen, Texas, for plaintiff.

*Jeffrey B. Clark,* Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, for defendant.  With him on the brief were *Jeanne E. Davidson*, Director, *Justin R. Miller*, Attorney-in-Charge, and *Jason M. Kenner*, Senior Trial Counsel. Of counsel on the brief was *Brian N. Dunkel*, Office of Assistant Chief Counsel, U.S. Customs and Border Protection.

Stanceu, Judge: Plaintiff Jaramillo Spices Corporation ("Jaramillo") brings this

action to contest a decision of United States Customs and Border Protection ("Customs"

or "CBP"), which assessed Jaramillo liquidated damages of $50,000 for failure to

redeliver to CBP's custody a shipment of tamarind imported from Mexico and

determined by the Food and Drug Administration ("FDA") to be adulterated.  Before

the court is defendant's motion to dismiss this action for lack of subject matter

jurisdiction under USCIT Rule 12(b)(1), which the court grants.

## I. BACKGROUND

The jurisdictional facts stated in this Opinion are not in dispute.[1]  This case arises

from a shipment of tamarind imported from Mexico under cover of a single entry made

at the Port of Hidalgo, Texas on May 6, 2018.  Def.'s Mem. in Supp. of its Mot. to

Dismiss Ex. 3 (Oct. 21, 2020), ECF No. 6 ("Def.'s Br.").  On May 9, 2018, the FDA issued

a Notice of FDA Action placing a hold on the tamarind shipment pending FDA review.

Pet. For Jud. Rev. of Agency Decision ¶ 5, Ex. A (Sept. 25, 2020), ECF No. 4 ("Compl.").

On May 10, 2018, the FDA issued another Notice of FDA Action detaining the shipment

as potentially subject to refusal of admission for appearing to be adulterated in violation

of the Food, Drug, and Cosmetic Act ("FD&C Act").  Def.'s Br. Ex. 1.  On June 11, 2018,

the FDA refused admission of the shipment upon determining that the tamarind

contained a pesticide chemical residue (permethrins) rendering it "adulterated" for

purposes of the FD&C Act.  *Id.* at Ex. 2.

---

[1] The recitation of jurisdictional facts above is taken principally from defendant's submissions.  Jaramillo expressly adopts the material facts in its response.  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 2 (Nov. 13, 2020), ECF No. 7 ("Pl.'s Resp.").

On June 13, 2018, Customs issued Jaramillo a "Notice to Redeliver" directing

Jaramillo to export or destroy the tamarind within 90 days of the FDA's refusal of

admission.  *Id.* at 2–3, Ex. 3.  Jaramillo did not do so.

On October 23, 2018, Customs issued a Notice of Liquidated Damages and

Demand for Payment of $50,000, representing liquidated damages assessed against

Jaramillo for failure to comply with the Notice of Redelivery.  *Id.* at Ex. 4.  On

November 27, 2018, Jaramillo sent Customs what it titled an "appeal for penalty or

liquidated damages for extenuating circumstances."  *Id.* at Ex. 5.  Treating this

submission as a petition to mitigate or cancel the liquidated damages claim, Customs

denied all relief on April 19, 2019.  *Id.* at Ex. 7.  On May 29, 2019, plaintiff's counsel

submitted to Customs a brief letter again seeking mitigation.  *Id.* at Ex. 8.  Treating this

second submission as a supplemental petition for mitigation of the liquidated damages,

Customs notified Jaramillo's counsel on February 25, 2020 of its denial of any relief.  *Id*.

at Ex. 9.

On March 17, 2020, in the United States District Court for the Southern District of

Texas (the "District Court"), Jaramillo filed a "Petition for Judicial Review" against

Customs.  Pet'r's Pet. for Jud. Rev., 7:20-cv-00072 Entry No. 1 (*modified* Mar. 19, 2020)

("Pet. for Jud. Rev.").  On June 10, 2020, the District Court stated that because

"Plaintiff's 'Petition for Judicial Review' invoked jurisdiction under 28 U.S.C. § 1581,

which describes the jurisdiction of the Court of International Trade" and because the

complaint concerns a matter that "appears to be within the exclusive jurisdiction of the

Court of International Trade . . . . The Court is not persuaded that it has jurisdiction

over this case."  Order 1–2, 7:20-cv-00072 Entry No. 5.  The District Court then queried

whether Jaramillo was "attempting to appeal an adverse Court of International Trade

ruling," noting that "such appeal belongs in the Court of Appeals for the Federal

Circuit."  *Id.* at 2.  The District Court directed plaintiff to "file a brief explaining why

this case should not be dismissed" and provided, alternatively, that "[p]laintiff may file

dismissal documentation under Federal Rule of Civil Procedure 41."  *Id.*

On June 16, 2020, Jaramillo filed in the District Court a motion for voluntary

dismissal without prejudice, stating that plaintiff would seek to file the proceeding

before the United States Court of Appeals for the Fifth Circuit.[2]  Mot. for Voluntary

Dismissal 1, 7:20-cv-00072 Entry No. 6 ("Mot. for Voluntary Dismissal").  The District

Court dismissed the case the same day, without opining on whether the dismissal

vested jurisdiction in the appellate court.  Order (June 16, 2020), 7:20-cv-00072 Entry

No. 7.

Jaramillo commenced its action in this Court on September 1, 2020.  Summons,

ECF No. 1.  Defendant filed its motion to dismiss and accompanying brief on

---

[2] It does not appear that Jaramillo initiated any appellate proceeding.

October 21, 2020.  Def.'s Br.  Plaintiff responded on November 13, 2020.  Pl.'s Resp. to

Def.'s Mot. to Dismiss, ECF No. 7 ("Pl.'s Resp.").  On December 1, 2020, defendant filed

a reply.  Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8.

## II. Discussion

"It is a well-established principle that federal courts . . . are courts of limited

jurisdiction marked out by Congress."  *Norcal/Crosetti Foods, Inc. v. United States*, 963

F.2d 356, 358 (Fed. Cir. 1992) (citations omitted).  In the Customs Courts Act of 1980,

Congress delineated the jurisdiction of the Court of International Trade over civil

actions brought against the United States.  Subsections (a)–(h) grant the Court

jurisdiction over specific causes of action; subsection (i) contains a grant of residual

jurisdiction.  *See* 28 U.S.C. § 1581.[3]

Plaintiff attempts to invoke the court's jurisdiction under 28 U.S.C. § 1581(a), *see*

Compl. ¶ 3, a jurisdictional provision empowering this Court to hear actions

commenced under Section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515, to contest the

denial by Customs of an administrative protest.  In the alternative, plaintiff argues in its

response to defendant's motion to dismiss that the court should exercise jurisdiction

according to 28 U.S.C. § 1581(i), the court's residual jurisdictional provision.  Pl.'s Resp.

---

[3] Citations to the United States Code herein are to the 2012 edition.  Citations to
the Code of Federal Regulations are to the 2018 edition.

4–5.  For the reasons discussed below, neither jurisdictional provision allows the court

to hear this cause of action.

### A. The Court Does Not Have Jurisdiction Under 28 U.S.C. § 1581(a)

The burden is on a plaintiff to demonstrate facts establishing subject matter

jurisdiction.  *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *opinion amended*

*on reh'g*, 135 F.3d 760 (Fed. Cir. 1998).  To avail itself of this Court's jurisdiction

according to 28 U.S.C. § 1581(a), plaintiff must show: (1) a valid and timely protest (i.e.,

a protest filed within 180 days of a protestable decision); (2) a protest denial by

Customs; and (3) commencement of an action in this Court within 180 days of the date

of mailing of a protest denial.  28 U.S.C. §§ 1581(a), 2636(a)(1); 19 U.S.C. §§ 1514(a), 1515.

The court need look no further than the third requirement, which is set forth in

the Customs Courts Act of 1980 as a statute of limitations, as follows: "A civil action

contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act

of 1930 [19 U.S.C. § 1515] is barred unless commenced in accordance with the rules of

the Court of International Trade . . . within one hundred and eighty days after the date

of mailing of notice of denial of a protest under section 515(a) of such Act."  28 U.S.C.

§ 2636(a)(1).  Jaramillo commenced this action by filing a summons on September 1,

2020.[4]  Therefore, to establish jurisdiction under 28 U.S.C. § 1581(a), plaintiff must show

that an event qualifying as a denial by Customs of a protest occurred on or after

March 5, 2020 and on or before September 1, 2020.  Plaintiff has not directed the court's

attention to any event that occurred during such time period.  Therefore, any action that

plaintiff brought or could have brought according to 28 U.S.C. § 1581(a) is, or would be,

barred by the statute of limitations.

        In its response to defendant's motion to dismiss, plaintiff states that "[t]he

Plaintiff filed this civil action within six months of the decision of U.S. Customs denying

its protest.  The denial was on February 12, 2020."  Pl.'s Resp. 4.  Under even plaintiff's

own version of the facts, the summons plaintiff filed on September 1, 2020 to commence

this action was untimely.[5]

---

[4] Plaintiff did not file a summons in proper form for an action brought under the jurisdictional grant of 28 U.S.C. § 1581(a), for which a summons according to Form 1-1 would have been proper.  Instead, plaintiff filed a summons in general form according to Form 4-1.  The court does not reach the question of whether the incorrect summons defeats jurisdiction under § 1581(a), determining instead whether plaintiff has demonstrated any facts that could establish jurisdiction according to that provision.  But had a summons in proper form been filed, it would have informed the court, *inter alia*, of essential jurisdictional facts including the date a protest was filed and the date the protest was denied.  As discussed herein, plaintiff is not able to establish the requisite facts for the exercise of § 1581(a) jurisdiction.

[5] Plaintiff also states, in this regard, that it filed a protest with Customs at the Port of Hidalgo, Texas on January 27, 2018.  Pl.'s Resp. 3.  This is puzzling, as the date plaintiff identifies was prior to the May 6, 2018 date of entry.  Defendant denies that any (continued . . .)

Moreover, to be considered a protestable decision as enumerated in 28 U.S.C.

§ 1581(a), a decision must be one made by Customs, not another agency.  "Section

1514(a) does not embrace decisions by other agencies."  *Mitsubishi Elecs. Am., Inc. v.*

*United States*, 44 F.3d 973, 976 (Fed. Cir. 1994).  If Customs merely was effectuating a

decision of the FDA to refuse admission, under which Customs lacked discretion over

whether to issue a notice for redelivery, then the redelivery demand was not a

protestable decision, and the court would lack jurisdiction even had plaintiff followed

all procedural requirements for contesting a protest denial.

The "decision" by Customs to issue a notice of redelivery was, in fact, not within

that agency's discretion.  The FDA's refusal of admission provides that "[a] request has

been made to Customs to order redelivery for all the above product(s), in accordance

with 19 CFR 141.113. . . . Failure to redeliver into Customs custody will result in a claim

for liquidated damages under the provisions of the entry bond."  Def.'s Br. Ex. 2 at 2.

The provision of the Customs Regulations cited by the FDA, 19 C.F.R. § 141.113(c)(3),

demonstrates that once the FDA reaches a determination to refuse admission of an

imported food product, Customs may not decline to issue a notice of redelivery:

---

(. . . continued)
protest was ever filed, Def.'s Mem. in Supp. of its Mot. to Dismiss 6 (Oct. 21, 2020), ECF
No. 6, but whether or not such a protest was filed is of no consequence for the reasons
noted herein.

>    If FDA refuses admission of a food, drug, device, cosmetic, or tobacco
>    product into the United States, or if any notice of sampling or other
>    request is not complied with, FDA will communicate that fact to the
>    Center director.  An authorized CBP official *will* demand the redelivery of
>    the product to CBP custody.  CBP *will issue* a notice of redelivery within
>    30 days from the date the product was refused admission by the FDA or
>    from the date FDA determined the non-compliance with a notice of
>    sampling or other request.  The demand for redelivery may be made
>    contemporaneously with the notice of refusal issued by the FDA.

19 C.F.R. § 141.113(c)(3) (emphasis added).  *See also United States v. Utex, Int'l Inc.*, 857

F.2d 1408, 1411 (Fed. Cir. 1988) (noting that "it is Customs' responsibility to carry out

the FDA decisions, in accordance with customs law and regulation" and that "Customs

is the enforcement arm of the process wherein admissibility is determined by the

FDA.").

     In summary, under the uncontested jurisdictional facts, Jaramillo's action could

not be heard according to the court's jurisdiction under 28 U.S.C. § 1581(a) because it

was untimely, and even had it not been, the measure taken by Customs to effectuate the

FDA's decision to refuse admission of Jaramillo's merchandise was not a protestable

decision according to 19 U.S.C. § 1514(a).

### B. The Court Does Not Have Jurisdiction Under 28 U.S.C. § 1581(i)

     Jaramillo's alternative argument, that the court should exercise jurisdiction

according to 28 U.S.C. § 1581(i), is also meritless.  Subsection (i)(3) of § 1581 provides as

follows:

> [T]he Court of International Trade shall have exclusive jurisdiction of any
> civil action commenced against the United States, its agencies, or its
> officers, that arises out of any law of the United States providing for
> . . . embargoes or other quantitative restrictions on the importation of
> merchandise *for reasons other than the protection of the public health or safety*.

28 U.S.C. § 1581(i)(3) (emphasis added).  In this case, Jaramillo's tamarind was refused

admittance to the United States for reasons relating to the protection of public health.

*See* Def.'s Br. Ex. 2 at 2 ("The article is subject to refusal of admission . . . in that it

appears to bear or contain a pesticide chemical residue, which causes the article to be

adulterated. . . .") & Ex. 3 (noting the FDA's decision that the merchandise is in

violation of the FD&C Act).  Therefore, this Court lacks jurisdiction over this case

according to 28 U.S.C. § 1581(i).

### C. It is Not in the Interests of Justice to Transfer this Action to Another Court in Which the Action Could Have Been Brought

Finally, the court considers whether this case is appropriate for transfer to a court

that could have jurisdiction over its claim.  According to 28 U.S.C. § 1631, a court

lacking jurisdiction over an action shall transfer that action to another court in which

the action could have been brought if such a transfer is in the interest of justice and the

transferee court would have had jurisdiction over the matter at the time it was filed.

28 U.S.C. § 1631.

The court concludes that it would not be "in the interest of justice" for the court

to transfer this action.  As mentioned above, Jaramillo, before commencing litigation

here, filed in the District Court a petition relating to its entry.  *See* Pet. for Jud. Rev.

Jaramillo's voluntary dismissal of that action on June 16, 2020 was without prejudice.

Mot. for Voluntary Dismissal 1.  (In moving for dismissal, Jaramillo indicated an

intention to proceed in the United States Court of Appeals for the Fifth Circuit, but

Jaramillo was not in a position to appeal a dismissal that was voluntary according to

Federal Rule of Civil Procedure 41.)  Jaramillo did not endeavor to bring a subsequent

action in the District Court following that Court's dismissal of its action without

prejudice.  Thus, Jaramillo denied the District Court not only once, but twice, the

occasion to rule on whether that Court had jurisdiction over its action.  Plaintiff has had

the full opportunity to pursue any available remedy against defendant United States,

and its purposeful actions mitigate against continuing this litigation to allow a third

opportunity.

### III.  CONCLUSION

In conclusion, subject matter jurisdiction is lacking under 28 U.S.C. § 1581(a)

because CBP's issuance of a notice of redelivery effectuated a decision of the FDA, and

because any action Jaramillo could have brought to contest a protest denial would have

been untimely.  The court may not exercise jurisdiction according to 28 U.S.C. § 1581(i)

because the imported merchandise was excluded for reasons of "public health or

safety," 28 U.S.C. § 1581(i)(3).  Transfer is not in the interests of justice.  The court will

grant defendant's motion and enter judgment dismissing this action.


                                       */s/ Timothy C. Stanceu*

                                       Timothy C. Stanceu
                                       Judge

Dated: July 19, 2021
        New York, New York